UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| RICHARD WARDS | ) | |
| WILEY BARNETT | ) | |
| JESUS HUERTA, | ) | |

## REPORT AND RECOMMENDATION
## REGARDING MOTION TO SUPPRESS NO. 2 (DOC. 403)

On May 27, 2008, various law enforcement officers searched a house known as 750 Georgia Street in Johnson City, Tennessee. According to the United States, the defendants Gamino-Villa and Vizcarra-Lopez leased this property, and consented to its search. In the course of that search, the officers discovered a sizable sum of money and evidence of drug trafficking, prompting Mr. Gamino-Villa to revoke his consent. The officers thereupon terminated their search and applied to the judge of the General Sessions Court for Washington County, Tennessee, for a search warrant, relying upon the evidence that they had obtained up to that point during the consensual search of the premises. The General Sessions Court judge issued a search warrant, and the officers thereafter recommenced their search on the authority of that warrant.

The defendant Wards filed a Motion to Suppress No. 2 (Doc. 403), in which he asks that all evidence seized both before and after the issuance of the state search warrant be

suppressed. The co-defendants Barnett and Huerta filed motions to adopt Mr. Wards' motion to suppress, which this court granted.

A hearing on the motion was held on October 27, 2009. This motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b).

The United States insisted that none of the three defendants had any reasonable expectation of privacy in the premises searched and therefore had no standing to contest the validity of the search. As a result, the question of the defendants' standing was first addressed.

Richard Wards purchased the property known as 750 Georgia Street for investment purposes. He did not live there at any time, nor did he ever intend to live there. Rather, he intended to improve the house and then sell it for a profit.

Wards' friend and co-defendant, Wiley Barnett, who lived at 760 Georgia Street, is a diesel mechanic. On Wards' property was a garage in which Barnett intended to work on diesel vehicles. Wards leased the property to Barnett for $500.00 per month. Barnett worked on Wards' various diesel vehicles and performed work on the house itself as partial payment of his monthly rental obligation.

Wards testified that Barnett had unlimited access to the entire property, including the house. He also testified that he had no objection if Barnett lived in the house, but whether anyone else should be allowed to live there simply was not discussed with Barnett.

Agent Templeton testified that he talked to Mr. Wards after the search of the property,

2

and that Wards told him that he knew Barnett had sublet the property. During his cross examination, Wards denied telling Special Agent Templeton that he knew that Barnett had sublet the property to a "Mexican male." Agent Templeton is believed, and Mr. Wards is not.

Neither Mr. Barnett nor Mr. Huerta testified.

These defendants have the burden of proving by a preponderance of the evidence that they had a subjective expectation of privacy in the premises searched or the things seized. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). In addition to the defendant's subjective expectation of privacy, the court also must determine the defendant's interest and control of the area searched, the measures taken by the defendant to insure privacy, and whether society is willing to recognize the defendant's subjective expectation as reasonable. *United States v. Padin*, 787 F.2d 1071, 1075-76 (6th Cir.), *cert*. denied, 479 U.S. 823 (1986).

**WARDS' STANDING**

Although Wards owned the property, he had leased it to Mr. Barnett. There are two basis upon which this court is compelled to conclude that Mr. Ward had no reasonable expectation of privacy in the property: first, looking only to his testimony and, for the sake of discussion, crediting his denial that he told Agent Templeton that he knew Barnett had sublet the property, the fact remains that he leased this property to Wiley Barnett with no written or verbal restrictions on what Wiley Barnett could do with the property. At the very least, he implicitly authorized Wiley Barnett to allow others to use the property, which of course Mr. Barnett did.

Second, and more importantly, the court believes Agent Templeton's testimony that

3

Mr. Wards told him that he knew Barnett had sublet the property to Gamino-Villa and Vizcarra-Lopez.

When an owner of a house leases it to someone, he no longer has an expectation of privacy in that house which society is prepared to recognize as legitimate. *See, Miller v. Kunze*, 1988 WL 138916 (6th Cir. 1988). Thus, Wards' leasing of the property to Barnett, either alone or in conjunction with Barnett's subletting of the property to Gamino-Villa and Vizcarra-Lopez, stripped him of any standing to contest the search of 750 Georgia Street.

**BARNETT'S STANDING**

Barnett's subletting of the property to Gamino-Villa and Vizcarra-Lopez deprived Barnett of any standing to complain of the search for the reasons discussed with regard to Wards, *supra*.

**HUERTA'S STANDING**

Mr. Huerta's ostensible adoption of Wards' motion to suppress is confusing. In his motion to adopt,[1] he recites that "The government is attributing to him evidence found in a [1990 maroon Chevrolet Caprice] vehicle that was registered *to his brother* and which was parked near 750/760 Georgia Street, Johnson City, Tennessee, on or about May 27, 2008." One immediate problem is that 750 and 760 Georgia Street are two distinct addresses; 750 Georgia Street was owned by Wards, leased to Barnett and sublet to Gamino-Villa and Vizcarra-Lopez, whereas 760 Georgia Street is owned by Mr. Barnett. The legal issues

---

[1] Doc. 466.

4

raised by Wards' motion to suppress are inappropriate regarding a search of a vehicle on the property.

To further confuse matters, Huerta also filed a motion to adopt Mr. Barnett's motion to suppress the search of his property, 760 Georgia Street.,[2] which contains essentially identical language regarding a 1990 maroon Chevrolet Caprice parked "near 750/760 Georgia Street," although he says the car was registered *to his nephew*. Again, just where was this car parked? And to whom did it belong, brother or nephew? The answer, as best the court can tell, is that it was parked at 750 Georgia Street.

Regardless of where parked, each of the motions filed by Mr. Huerta to adopt his co-defendants' motions to suppress described the subject vehicle as belonging to a relative. As a result, since he had no ownership interest in the car, he had the burden of proving that he had standing to contest the validity of the search of the vehicle. He did not do so. Moreover, the search warrant issued by the state judge, a copy of which is attached to Mr. Wards' motion, explicitly authorized the search of any vehicles found on the premises.

**CONCLUSION**

The court respectfully recommends that Mr. Wards' motion to suppress be denied on the basis that he has no standing to contest the search of 750 Georgia Street. For the same reason, it is recommended that the motion to suppress be denied as to Mr. Barnett to the extent Barnett has adopted Wards' motion to suppress.

---

[2] Doc. 466.

5

Lastly, to the extent Mr. Huerta has adopted Mr. Wards' motion to suppress, it is recommended that his motion be denied on the basis that (1) he failed to prove standing to contest the search of the vehicle described in his motion to adopt and (2) the search warrant issued by the state trial judge explicitly authorized a search of any vehicles found on the premises upon execution of the warrant.[3]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

6

Case 2:08-cr-00102-JRG-MCLC   Document 629   Filed 10/28/09   Page 6 of 6   PageID #: 2345