UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:08-CR-102 |
| V. ) | District Judge Greer |
| ) | Magistrate Judge Inman |
| JESUS HUERTA *ET AL.* ) | |

**REPORT AND RECOMMENDATION**

The defendant Jesus Huerta has filed a motion to dismiss Count 7 of the Second Superseding Indictment. (Doc. 467 [as supplemented by Doc. 510]). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on October 27, 2009.

Count 7 of the Second Superseding Indictment charges this defendant, as well as Gamino-Villa and Vizcarra-Lopez, with possessing a number of firearms in furtherance of the drug trafficking offenses charged in Count 3.[1]

These firearms were buried beneath the ground on the premises designated 750 Georgia Street, Johnson City, Tennessee. Based on another hearing held in this case, the court is aware that 750 Georgia Street was owned by Richard Wards, who in turn leased it to Wiley Barnett, who in his turn leased it to Gamino-Villa and Vizcarra-Lopez.

The defendant Huerta argues that since the property where the guns were buried was not owned by him, and since nothing in the discovery furnished to him connects him directly or indirectly with those buried firearms, Count 7 of the Second Superseding Indictment should be

---

[1] Second Superseding Indictment, Doc. 228.

dismissed.

The court agrees with the United States' response that this motion is premature. The Grand Jury found probable cause to indict Mr. Huerta, along with Gamino-Villa and Vizcarra-Lopez, for possession of those firearms. Notwithstanding that the United States has complied fully with the discovery requirements of Rule 16, it is distinctly possible that the United States can have other evidence, including testimony of a witness, that somehow connects this defendant to those firearms. To rule upon defendant's motion prior to trial, the court would have to essentially try the case, or at the very least require the United States to disclose all the evidence it intends to present at trial which, of course, this court may not do.

If the United States fails to present any evidence that connects the defendant Huerta to these buried firearms, then he may move pursuant to F.R.Crim.P. 29 for a Judgment of Acquittal.

It is respectfully recommended that defendant's motion to dismiss Count 7 of the Second Superseding Indictment before trial, (Doc. 467 [as supplemented by Doc. 510]) be denied.[2]

Respectfully submitted,

                                s/ Dennis H. Inman
                              United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

2

Case 2:08-cr-00102-JRG-CRW    Document 643    Filed 10/30/09    Page 2 of 2    PageID #: 2428