UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JESUS HUERTA *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**

The defendant Jesus Huerta has filed a "Motion to Suppress Previously Suppressed Evidence." (Doc. 507). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on October 27, 2009.

This defendant was previously charged in this court for possession of a firearm by a user of a controlled substance, for possession of ammunition by an unlawful user of a controlled substance, and for possession of cocaine.[1] In that case, the undersigned magistrate judge recommended that certain evidence against the defendant Huerta be suppressed, *viz.*, evidence of 2.3 grams of cocaine discovered upon Mr. Huerta's person, and any evidence of a statement that he had used cocaine some twenty minutes prior to the traffic stop that eventually led to his arrest. The United States ultimately dismissed that case.

By the instant motion, defendant now moves that this court not allow into evidence in this case any evidence that was recommended to be suppressed in the previous case which, as just noted, would be any statement Mr. Huerta made at the jail following his arrest, and any evidence of the

---

[1]Case No. 2:07-CR-85.

cocaine found on his person. It is appropriate to note that in the report and recommendation in the earlier case, the magistrate judge did *not* recommend that evidence of a firearm found in the car be suppressed.

In its response, the United States states that "[t]he only evidence that the United States will use from [the earlier] case is evidence of the fact that defendant and co-defendant Hernandez were in a car together on August 9, 2007."[2]

The report and recommendation filed in Case No. 2:07-CR-85, assuming *arguendo* that a report and recommendation never acted upon by the district judge can be considered the law of that case and *res judicata* in this case, did not find that the initial traffic stop was without probable cause. Quite the contrary is true; as the report and recommendation recites, the car in which Mr. Huerta was riding ran a traffic light in front of two police officers and was stopped on that account. To offer evidence of that traffic stop to establish a relationship between Mr. Huerta and Mr. Hernandez, both of whom are defendants in this case, is appropriate.

It is respectfully recommended that defendant's motion to suppress previously suppressed evidence, (Doc. 507) be denied.[3]

Respectfully submitted,

                                                 s/ Dennis H. Inman
                                          United States Magistrate Judge

---

[2] Doc. 554.

[3] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

2