UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JESUS HUERTA *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**

The defendant Jesus Huerta has filed a "Second Motion to Dismiss." (Doc. 508). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on October 27, 2009.

Count 2 of the Second Superseding Indictment, charges the defendant Huerta, along with the defendants Urbina, Esquivel-Lausin, and Cervantes-Gomez, with possessing a .45 caliber handgun in furtherance of the drug trafficking offense described in Count 1, which is a conspiracy count.[1] By this motion, defendant asks that Count 2 be dismissed as to him because the gun was seized when the defendants Cervantes-Gomez, Esquivel-Lausin, and Barnett were arrested as they were leaving a marijuana patch, and the defendant Huerta was not with these three men at that time.

According to the plea agreements of Cervantes-Gomez and Urbina,[2] the co-defendant

---

[1]Doc. 228.

[2]Docs. 367, 388.

Gamino-Villa gave them the gun to protect them from bears while they worked their marijuana patch.

Defendant complains in this motion that Barnett has not been charged with possession of this gun notwithstanding that it was found in his vehicle at the time of the arrest of the three men; that the United States has agreed to dismiss Count 2 as to Cervantes-Gomez and Urbina; and that the United States did not even initially charged Gamino-Villa with possession of the firearm, notwithstanding that it was he (according to the aforesaid plea agreements) who provided the gun to the men in the first place.

The United States' response[3] argues that the motion is premature inasmuch as the Grand Jury returned an indictment finding probable cause to charge defendant in Count 2 of the Second Superseding Indictment, *and because* the United States will present physical and testimonial evidence at trial that will support the charge against this defendant in Count 2.

The court frankly acknowledges that the defendant makes a compelling argument. The United States has dismissed Count 2 as to Cervantes-Gomez and Urbina, notwithstanding that they were in actual or constructive possession of the gun. The third man arrested, who was driving the car in which the firearm was found, was not charged at all. And, lastly, Mr. Gamino-Villa, who furnished the firearm for protection against marauding bears, was not charged at all. But all that notwithstanding, the court is forced to take at face value the United States' representation that it has other proof which will connect this

---

[3]Doc. 555.

defendant to the firearm and which will support a conviction under Count 2. The United States should recall that the court now has the right to expect that there indeed will be such evidence.

It is respectfully recommended that defendant's second motion to dismiss, (Doc. 508) be denied.[4]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

3