UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JESUS HUERTA, *ET AL.* | ) | |

## **REPORT AND RECOMMENDATION**

Defendant Jesus Huerta has filed a motion to suppress any statements he made to law enforcement agents at or near the time of his arrest. (Doc. 458). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on October 27, 2009.

Special Agent Michael Templeton of the Drug Enforcement Administration was the only witness who testified. Agent Templeton and Task Force Officer Vice Walters arrested this defendant on October 15, 2008, and booked him into the Washington County Detention Center. Agent Templeton advised Mr. Huerta of his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and Mr. Huerta acknowledged that he understood those rights. He was asked no questions.

The following day, Agent Templeton transported Mr. Huerta from the Washington County Detention Center to the federal courthouse in Greeneville. Upon his own initiative, defendant began conversing with Agent Templeton saying, in so many words, "I have information to help you," and he went on to talk further. Agent Templeton acknowledged that he did not re-administer the *Miranda* warnings.

This defendant was given his *Miranda* warnings immediately upon his arrest. There is no requirement that he be re-administered those warnings interminably. Just as importantly, a defendant's voluntary statement without any antecedent pressure or questioning by an interrogator does not implicate *Miranda* at all; *see, Rhode Island v. Innis*, 446 U.S. 291, 300 (1980), and *United States v. Murphy*, 107 F.3d 1199, 1204 (6th cir. 1997). Thus, even if Agent Templeton had not administered *Miranda* warnings the day before, defendant's voluntary statements to him during transportation to the federal courthouse would be admissible.

It is recommended that defendant's motion to suppress (Doc. 458) be denied.[1]

Respectfully submitted,

        s/ Dennis H. Inman
        United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).