UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JESUS HUERTA *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**

The defendant Jesus Huerta has filed a "Motion to Suppress/Exclude Evidence of and From Vehicle Stops." (Doc. 509). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on October 27, 2009.

This motion to suppress addresses potential evidence obtained by the United States as a result of three traffic stops effected by police officers on three separate dates.

On February 10, 2008, the Johnson City police stopped the vehicle driven by the co-defendant Wards, in which the defendant Huerta and the co-defendant Cigarroa were passengers.

The second traffic stop, effected by a Washington County deputy sheriff, occurred on May 4, 2008. At that time, the co-defendant Shell was the driver, and the co-defendant Vizcarra-Lopez, as well as the defendant Huerta, were passengers in the car.

On May 18, 2008, a Washington County officer stopped a vehicle driven by the defendant Huerta. The car was owned by the co-defendant Shell and the co-defendants

Vizcarra-Lopez and Gamino-Villa were passengers.

The defendant Huerta argues that there was no probable cause to make any of these traffic stops, and that any evidence obtained as a result of these traffic stops, and evidence of the stops themselves, should be suppressed.

Officers David Kate, Curt Sells, and Lieutenant William Gregg of the Washington County Sheriffs Office, and Officer Dennis Higgins of the Johnson City Police Department, testified at the hearing.

The February 10 Traffic Stop

The Johnson City Police Department had received a report that someone had been seen climbing out of the window of the King Springs Elementary School and then leaving the area in a gold Chevrolet Caprice automobile. Officer Higgins of the Johnson City Police Department ultimately came upon the gold Chevrolet Caprice vehicle in which Huerta was riding.

Notwithstanding that it was a Chevrolet vehicle, the tag on the vehicle was registered to a 1992 Honda Accord. The tag itself was registered to the co-defendant Shell. The vehicle was driven by the co-defendant Wards, who admitted being at the school. Another co-defendant, Cigarroa, also was a passenger in the car. Ultimately, no one in the car was arrested, and no contraband was found. But it is beyond argument that there was ample cause to make, at the very least, a *Terry*-stop to investigate the obvious connection between

2

the vehicle Wards was driving and the report of suspicious activity at the school.[1]

Notwithstanding that none of the occupants of the vehicle were arrested and no contraband found, evidence that the occupants of the vehicle were together has some relevance in this case to show, if nothing else, that they knew each other and consorted.

The May 4, 2008 Traffic Stop

This traffic stop was undeniably pretextual. Officer David Cate of the Washington County Sheriffs Office observed that neither the driver (Jonathan Shell) nor a passenger (Huerta) were wearing seat belts. Officer Cate knew that both of these men were suspected of trafficking in illegal drugs, and it was primarily for that reason that he effected the traffic stop. Nevertheless, the fact remains that neither Shell nor Huerta were wearing seat belts which is a violation of state law. The traffic stop was justified. That the officer was subjectively motivated to make the stop for reasons other than a traffic violation is completely irrelevant; *see, e.g., Whren v. United States*, 517 U.S. 806 (1996); *United States v. Johnson*, 242 F.3d 707, 709-10 (6th Cir.) *cert*. denied, 534 U.S. 863 (2001).

Of more persuasiveness is defendant's argument that the traffic stop took too long; indeed, a drug sniffing dog was called to the scene and walked about the car.

Although that drug dog alerted on the car, a subsequent search revealed no contraband, although a box of embossed glass candle holders, purchased by Huerta in Houston, Texas, were found in the trunk. Also, the headliner in the car was loose and held up by air

---

[1]*Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Hensley*, 469 U.S. 221 (1985).

fresheners, both of which indicate to a trained police officer that the car likely had been used in the past to transport illegal drugs. Additionally, this vehicle was one of the vehicles parked at 750 Georgia Street when that premises was searched and contraband found.

There was no evidence presented from which this court could reasonably conclude that the traffic stop took too long. The canine officer arrived as Officer Cate was writing the ticket. Once the dog alerted, additional circumstances arose warranting further investigation and detention.[2] Succinctly stated, the traffic stop did not take inordinately long.

However, in light of the fact that no contraband was found, the court must determine what evidence the United States may introduce that resulted from this stop.

As with the February 10 stop, the United States may introduce evidence of the individuals involved in the stop to show their relationship to one another.

Evidence of the vehicle itself, to the extent that vehicle was on the premises at 750 Georgia Street, has some marginal evidence, and may be admitted.

Evidence of the glass candle holders in the trunk is relevant to show that the defendant Huerta had been in Houston, Texas at a particular time.

However, evidence of the loose headliner held in place by air fresheners, and evidence of the drug dog's positive alert, is simply too thin to justify admissibility. When analyzed, it would be an attempt to circumstantially prove that the occupants dealt in drugs because they were riding in a car that bore indicia of having transported drugs at some prior time.

---

[2]*Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Hensley*, 469 U.S. 221, 226 (1985).

4

Case 2:08-cr-00102-JRG-MCLC   Document 647   Filed 10/30/09   Page 4 of 6   PageID #: 2439

### The May 18 Traffic Stop

This traffic stop was made by Lieutenant Gregg of the Washington County Sheriffs Office. He had a residence at Cedar Grove Road under surveillance when he observed Huerta leave the premises. Lieutenant Gregg, in an unmarked car, followed Huerta. Huerta was significantly exceeding the speed limit. Because the car which Lieutenant Gregg was driving was unmarked and had no blue lights, he prudently did not attempt to make the traffic stop himself. He called an officer in an unmarked car who did have blue lights, and that officer made the traffic stop.

Huerta was driving a 1995 Lexus registered to Jonathan Shell, and he was accompanied by Vizcarra-Lopez and Gamino-Villa, all three of whom are co-defendants in this case.

Mr. Huerta was arrested for driving on a suspended license, and also arrested on an outstanding warrant for aggravated assault.

Based upon the observed speeding violation, there was probable cause to make the traffic stop. Once stopped, Huerta was properly arrested for driving on a suspended license and upon the outstanding warrant for aggravated assault.

Any evidence obtained by the officers as a result of the search of Huerta and the vehicle in which he was driving would have been incident to his arrest and therefore admissible into evidence in this prosecution, if otherwise relevant. As for any evidence uncovered from the other passengers, Huerta has no standing to object to the searches that

led to the discovery of any such evidence.

Lastly, as with the other two traffic stops, the United States can introduce evidence of the stop itself and the participants in that stop to show their relationship.

Conclusion

It is respectfully recommended that defendant's motion to suppress/exclude evidence of and from vehicle stops, (Doc. 509), be denied,[3] although the United States should be precluded on the basis of F.r.Crim.P. 403 from introducing evidence of the drug dog's positive alert during the May 4 stop, as well as evidence of the loose headliner and air fresheners.

Respectfully submitted,

                                                  s/ Dennis H. Inman
                                        United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).