UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JESUS HUERTA *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**
**REGARDING HUERTA'S MOTION TO SUPPRESS (DOC. 459)**

On July 3, 2008, the magistrate judge of this court issued 12 warrants to search various locations in upper East Tennessee. One of those warrants was for the residence of this defendant, Jesus Huerta, located at 3295 Cherokee Road in Johnson City, Tennessee. Another warrant authorized the search of the residence of Crystal Miller, described as a trailer at 1200 Taylor Bridge Road in Jonesboro, and further described as a "stash house" for Jesus Huerta. Mr. Huerta has filed a motion to suppress any evidence seized upon the execution of those two warrants, as well as any evidence obtained as a direct or indirect result of the execution of those warrants. (Doc. 459). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. An evidentiary hearing was held on October 27, 2009.

Defendant makes two basic arguments which, to some extent, overlap and are interrelated. First, he argues that Special Agent Templeton of the Drug Enforcement

Administration, who was the affiant/applicant for the search warrants, withheld critical information from the magistrate judge with respect to paragraph 6 of his affidavit, thereby raising a "*Franks*" issue.[1] Defendant argues that the withheld information so compromises the information in paragraph 6 of the affidavit that it must be eliminated in this court's after-the-fact review of the affidavit in determining whether probable cause existed.

Second, Mr. Huerta argues that with or without paragraph 6, the affidavit failed to state probable cause for the issuance of the search warrants.

Interestingly, defendant states in his motion that 1200 Taylor Bridge Road was not his residence.[2] If so, he would have no reasonable expectation of privacy in that dwelling, and thus no standing to request a suppression of any evidence seized as a result of a search of that premises. Defendant nevertheless suggests that he has standing to contest the search of 1200 Taylor Bridge Road "because the government avers that it was his residence or under his control."[3] However, defendant reads into the affidavit more than is there. Agent Templeton explicitly noted that 3295 Cherokee Road in Johnson City was the residence of Jesus Huerta.[4] With regard to 1200 Taylor Bridge Road, Agent Templeton described that premises as the residence of Crystal Miller which was being used by Jesus Huerta as a "stash house."[5] Mr.

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

[2] Motion, p. 1.

[3] *Id*.

[4] Affidavit, p. 1.

[5] Affidavit, p. 2.

2

Huerta's use of the trailer as a storage bin for marijuana did not give him a reasonable expectation of privacy in it:

> The Fourth Amendment rights may not be vicariously asserted . . . . In order to show a legitimate expectation of privacy in the searched premised, the person challenging the search has the burden of showing both a subjective expectation of privacy and that the expectation is objectively reasonable; that is, one that society is willing to accept . . . . Several factors are relevant to this showing: whether the party has a possessory interest in the thing seized or the place searched; whether the party can exclude others from that place; whether the party took precaution to maintain the privacy; and whether the party had a key to the premises.

*United States v. McCaster*, 193 F.3d 930, 933 (8th Cir. 1999).

His admission in his motion that he did not reside at the residence does nothing to bolster his suggestion that he had an expectation of privacy in the residence of Crystal Miller. Society is not prepared to accept as legitimate an expectation of privacy that is based solely upon the storage of illegal contraband, bearing in mind that Mr. Huerta had no ownership interest in the property.

As far as Agent Templeton's affidavit is concerned, at one point Templeton notes that Crystal Miller referred to Jesus Huerta as her husband (paragraph 7), and in another place Agent Templeton refers to Crystal Miller as Huerta's "girlfriend." Jesus Huerta himself did not present any evidence at all regarding his relationship *other than the recitation in his motion that 1200 Taylor Bridge Road was not his residence at the time the search warrant was issued*. It is the defendant who has the burden of showing a legitimate expectation of

3

privacy in 1200 Taylor Bridge Road. *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). Thus, he has failed to prove that he had any expectation of privacy in 1200 Taylor Bridge Road that society is prepared to recognize as legitimate, and on that basis alone the motion to suppress evidence seized from that premises should be denied.

**THE *FRANKS* ISSUE**

Paragraph 6 of Agent Templeton's affidavit describes an August 9, 2007 traffic stop effected by drug task force agents of a vehicle driven by this defendant, and in which there were three passengers, two of whom are co-defendants in this case, Jose Colunga and Carlos Hernandez. That paragraph recites that a search of the vehicle revealed $1,400.00 in cash and a handgun. Additionally, a search of Mr. Huerta's person revealed 2.3 grams of cocaine.

Mr. Huerta points out that Agent Templeton failed to reveal in paragraph 6 that this traffic stop and resultant seizure of contraband resulted in the prosecution of Mr. Huerta in this court for possession of cocaine and possession of a firearm by an unlawful user and addict of a controlled substance.[6] Mr. Huerta filed a motion to suppress evidence of the firearm and the 2.3 grams of cocaine discovered on his person, and the magistrate judge of this court recommended that the motion be granted[7] After that report and recommendation was filed, the United States dismissed the case. Defendant argues, with considerable logic, that evidence illegally seized and suppressed in a prior case cannot be later considered by the

---

[6]Case No. 2:07-CR-85.

[7]See, report and recommendation, Doc. 29, No. 2:07-CR-85.

4

same or another court in determining whether probable cause exists for the issuance of a search warrant.

There was no *Franks* hearing, as such, simply because there was no need for one; this court can take judicial notice of its own records, including the file in Case No. 2:07-CR-85. Either previously-suppressed evidence can be considered in determining probable cause for the issuance of a search warrant, or it cannot. If the former, the failure to disclose that the evidence was previously suppressed is irrelevant; if the latter, it must be excised from the affidavit. For this reason, it is virtually irrelevant whether Agent Templeton intentionally or recklessly withheld this information.

The evidence seized during the August 2007 traffic stop obviously could not be used as evidence against defendant in Case No. 2:07-CR-85. It just as surely could not be used as evidence *in this case* as an overt act of the conspiracy charged in Count 1, since to do so would eviscerate the exclusionary rule. In this regard, it follows that the suppressed evidence could not, *alone*, constitute probable cause for the later issuance of a search warrant, since to do so would stand the exclusionary rule on its head. Then there is the last question: may previously-suppressed evidence constitute a *part* of the probable cause for the later issuance of a search warrant? Again, logically the answer is that it cannot.

Paragraph 6 of Agent Templeton's affidavit will not be considered in this court's current review of his affidavit.

5

**POISONOUS FRUIT**

Paragraphs 13 and 16 of Agent Templeton's affidavit describes "Rule 11(e) interviews" that Agent Templeton had with Mr. Huerta in the context of the earlier prosecution, i.e., No. 2:07-CR-85. In these paragraphs Huerta describes how Jose Colunga supplied him over the years with sizable quantities of marijuana for resale. Defendant insists that these two paragraphs should be excised from Agent Templeton's affidavit because (1) these interviews would not have occurred but for the illegal arrests that resulted in this court's suppression of the evidence seized during the 2007 traffic stop and (2) these statements were made during "debriefings" as part of a plea agreement in Case No. 2:07-Cr-85, and to use those statements against defendant in an affidavit filed in support of an application for a search warrant would violate some unstated policy.

Defendant's second argument can be disposed of rather quickly. If defendant continued in illegal drug trafficking and Agent Templeton's affidavit contained other facts constituting probable cause, then the inclusion of the debriefing conversations would be appropriate.

The first argument, however, is more troublesome. Those debriefings would not have occurred but for the fact that Huerta was arrested for unlawful possession of a firearm, the evidence of which was suppressed by this court on the basis that the underlying arrest was unlawful. "The general remedy for a Fourth Amendment violation is that evidence obtained due to the unconstitutional search or seizure is inadmissible. The scope of evidence to be

6

excluded sweeps broadly, including both evidence obtained as a direct result of an unconstitutional search or seizure, as well as evidence that is considered the fruit of a prior illegality that was come at by exploitation of the initial illegality." *United States v.* Dice, 200 F.3d 978, 983 (6th Cir. 2000). Again, Agent Templeton's debriefing of Huerta was the direct result of Huerta's unlawful arrest. Paragraphs 13 and 16 of Agent Templeton's affidavit may not be considered.

**PROBABLE CAUSE**

Even without paragraphs 6, 13, and 16 of the affidavit, there remains more than sufficient probable cause to justify the issuance of a warrant to search Mr. Huerta's residence at 3295 Cherokee Road in Johnson City. Additionally, even if it be assumed that he has standing to contest the search of 1200 Taylor Bridge Road, there likewise remains probable cause in the affidavit to search that premises also.

Albeit scattered about the affidavit, it is clear that Mr. Huerta had relationships with a number of other individuals who were involved in marijuana trafficking. Those relationships, standing alone, of course mean nothing. However, paragraphs 25 and 41 supply more than ample probable cause to support the issuance of a warrant.

In paragraph 25, the confidential informant, who was well familiar with the drug trafficking activities of Jose Colunga and others, reported that Jesus Huerta was a major marijuana distributor for Jose Colunga. In paragraph 41, the confidential informant described a conversation he had with Jose Colunga regarding a meeting of Colunga, Aceves-

7

Cruz, and Jesus Huerta with a Mexican marijuana supplier.

When a defendant alleges that the facts contained in an affidavit fail to state probable cause for the search, the court is limited to a review of the facts contained in the affidavit. *See, e.g., United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005).

Probable cause for a search means "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause is to be determined on the basis of the "totality of the circumstances," *id*. An affidavit filed in support of an application for a search warrant must set forth facts that establish probable cause to believe that evidence of criminal activity will be found at the place to be searched; this is the so-called nexus requirement. *See, e.g., United States v. Savoca*, 761 F.2d 292 (6th Cir.) *cert*. denied, 474 U.S. 852 (1985).

The Supreme Court's injunction to determine probable cause based upon a totality of all the facts recited in the affidavit means, among other things, that the court must not analyze each fact separately and in isolation from all the others in the affidavit, determining if each in turn establishes probable cause to some extent. This is the "divide-and-conquer" approach disapproved by *United States v. Arvizu*, 534 U.S. 266 (2002).

The totality of the facts set forth in Agent Templeton's affidavit - minus paragraphs 6, 13, and 16 - state probable cause to believe that Mr. Huerta was deeply involved in marijuana trafficking. That being so, the next question to be addressed is whether the affidavit states probable cause to believe that evidence of that crime would be found at his

8

residence, 3295 Cherokee Road in Johnson City, and the residence of his girlfriend, Ms. Miller, at 1200 Taylor Bridge Road in Jonesboro.

As far as his own residence is concerned, Agent Templeton recites in paragraph 2(a) of his affidavit that he knows "that it is common for drug traffickers to secrete [sic] proceeds of drug sales and records of drug transactions in secure locations within their residences and other locations they feel are secure . . . ." The Sixth Circuit Court of Appeals agrees with what experience has taught Agent Templeton: "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Jones,* 159 F.3d 969, 975 (6th Cir. 1998), quoting *United States v. Lamon*, 930 F.2d 1183 (7th Cir. 1991). The Sixth Circuit recently reaffirmed this principle in a case that originated in this court, *United States v. Gunter*, 551 F.3d 472 (6th Cir. 2009). The Court of Appeals held that it was reasonable to conclude from the affidavit in that case that the defendant was engaged in drug trafficking, and it was therefore reasonable to infer "that evidence of the illegal activity would be found at [his] residence," citing *Jones, supra*, 551 F.3d at 481. Accordingly, since there was probable cause to believe that Jesus Huerta was engaged in marijuana trafficking, there was probable cause to believe that evidence of that marijuana trafficking would be found at his residence.

With respect to the residence of Crystal Miller at 1200 Taylor Bridge Road, reference is again made to paragraph 2(a) of Agent Templeton's affidavit wherein he states that experience has taught him that drug dealers tend to hide evidence of their drug dealing in

9

their homes and "other locations they feel are secure." Without a doubt, a girlfriend's residence would be such a secure location, at least from the standpoint of a drug dealer.

**CONCLUSION**

It is respectfully recommended that there was probable cause to support the issuance of a warrant to search Mr. Huerta's residence at 3295 Cherokee Road in Johnson City, Tenessee, even without any consideration of paragraps 6, 13, and 16 of Agent Templeton's affidavit, as a result of which defendant Huerta's motion to suppress (Doc. 459) any evidence seized from the execution of the warrant at that premises should be denied.

With respect to his motion to suppress any evidence seized from 1200 Taylor Bridge Road in Jonesboro, it is recommended that the motion be denied because (1) Jesus Huerta has no standing to contest that search, and (2) in any event, there also was probable cause to search it.[8]

Respectfully submitted,

            s/ Dennis H. Inman
            United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be filed within ten (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).