UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:08-CR-102 |
| | ) | |
| JESUS HUERTA, *ET AL.* | ) | |

**O R D E R**

The Court heard oral argument on several pending pretrial matters on January 4, 2010. This order will memorialize and supplement the Court's rulings announced from the bench on that date. It is, therefore, ORDERED:

I.  The motion of the defendant, Carlos Hernandez, that the Court amend the Court's trial schedule order, [Doc. 777], such that February 3 not be a trial date is GRANTED, [Doc. 811].

II.  On December 15, 2009, the government gave "Notice of Intent to Use 404(b) Evidence," [Doc. 774], in its case-in-chief against the defendant, Wiley E. Barnett. Counsel for the defendant and the government announced that they had entered into a stipulation to be introduced at trial which resolved the objection of the defendant to the proffered evidence. Defendant's objection is now MOOT.

III.  The defendant, Gustavo Gamino-Villa, has filed a motion for leave to file motions, [Doc. 845], to suppress, [Doc. 849] and to sever, [Doc. 851], as well as a motion to continue, [Doc. 846]. The motion for leave to file motions, [Doc. 845], is GRANTED and the Court conducted an evidentiary hearing on the motion to suppress on January 5, 2010. Since the motion to sever and the motion to continue were premised largely on the desire of the defendant to file his motion to suppress, these motions are DENIED, [Docs. 846, 851]. For the reasons stated orally by the Court,

to be more fully set forth and supplemented in a memorandum opinion to be filed at a later date, the defendant's motion to suppress is DENIED, [Doc. 849].

  IV. The motion in limine of defendant Jesus Huerta, to "exclude from evidence any prospective testimony on behalf of the government analyzing any drug ledgers/business records" is DENIED, [Doc. 463]. [1]

  V. The defendant, Jesus Huerta, has moved to "exclude from evidence any statements of codefendants herein, as well as any statements made by other indicted or separately indicted alleged co-conspirators," [Doc. 460], as violating *Bruton v. United States*. [2] At the hearing on January 4, 2005, the government announced that it did not intend to offer into evidence the statements of any co-conspirators which incriminate the defendant Huerta. The motion is DENIED as MOOT.

  VI. The defendant, Javier Flores-Delacruz, has appealed, [Doc. 836], the order of the Magistrate Judge, [Doc. 830] denying his motion for leave to file a late motion to suppress defendant's recorded statement provided to the defendant after the motion cut-off date, [Doc. 825]. At the hearing on January 4, the government announced that it did not intend to offer the statement as part of its case-in-chief. The defendant's appeal is therefore MOOT and is OVERRULED and the Magistrate Judge's order AFFIRMED on that basis [Doc. 836].

---

[1] Although not addressed orally by the Court, the defendant's motion to exclude such testimony also alleged that the government had not abided by the Court's order on discovery and scheduling, [Doc. 379], by failing to disclose prospective expert testimony. A review of the record, however, establishes that the government did provide a summary of the proposed expert testimony of Michael Templeton, a Special Agent with the Drug Enforcement Administration, in a pleading filed on November 4, 2009, [*see* Doc. 656]. Although the government's summary was filed after defendant's original motion was filed, defendant did not argue a violation of the scheduling order on January 4.

[2] 391 U.S. 123 (1968).

VII. On December 28, 2009, the defendant, Javier Flores-Delacruz, filed a motion for extension of time to late-file a motion to sever, [Doc. 831]. Attached in support of the motion was the unsigned affidavit of counsel which asserts that counsel has received "information that two co-defendants in this matter can exonerate Mr. Flores-Delacruz or specifically contradict the government eyewitness regarding Mr. Flores-Delacruz' alleged presence at the scene of the crime." The government responded to the motion on December 29, 2009, [Doc. 833], and the Magistrate Judge denied the motion on the same date, [Doc. 834]. Later on December 29, the defendant filed a second motion to late-file a motion to sever, [Doc. 835], identical in all respects to the first except that the affidavit was signed by counsel. Contemporaneously with the filing of the second motion, defendant filed an appeal of the order of the Magistrate Judge denying the first motion to sever pursuant to Rule 58(g) of the Federal Rules of Criminal Procedure, [Doc. 837]. The Magistrate Judge thereafter denied the second motion, [Doc. 839], on the grounds, implicitly, that the defendant could not show that his motion to sever was meritorious and thus could not show good cause to excuse his failure to file the motion earlier.[3] No appeal of the Magistrate Judge's second order has been filed; however, the time for filing such an appeal has not expired and the Court will treat the order as having been appealed.

At oral argument, counsel for the defendant acknowledged that he had received the information referred to in his affidavit from his client but had not been able to confirm with any co-defendant's attorney that any co-defendant would in fact testify if called by defendant as a witness in a separate trial or that any such testimony would in fact exonerate the defendant. It is clear, therefore, that the defendant cannot meet the stringent test for severance in order to obtain a co-

---

[3] The Magistrate Judge expressly held that defendant "has not satisfied the test of [*United States v.*] *Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987).

3

defendant's testimony set forth by the Sixth Circuit in *Causey*. Failure of the defendant to show that his motion to sever has arguable merit is sufficient grounds to deny a motion to late file a motion. Failure to file a pretrial motion by the deadline set by the Court constitutes a waiver of the motion unless good cause is shown, in which case the Court may grant relief from the waiver. *See* Fed.R. Crim. P. 12(b)(3)(C). *See also United States v. Musick*, 291 Fed. Appx. 706 (6th Cir. 2008). For these reasons, the appeal of the defendant, [Doc. 837], is OVERRULED and the orders of the Magistrate Judge, [Docs. 834, 838], are AFFIRMED.

VIII. The defendant, Javier Flores-Delacruz, filed two additional motions on the eve of trial, a motion to sever, [Doc. ____] and a motion to continue trial, [Doc. ____]. These motions were handed to the Court at the beginning of the January 4, 2010, hearing on pending pretrial motions and do not appear to have actually been filed with the Clerk by the defendant. Nevertheless, the motions are due to be denied. The motion to sever is untimely and, even if considered on the merits, suffers from the same fatal flaws noted by the Magistrate Judge earlier. The motion is therefore DENIED. Defendant's motion to continue the trial date is opposed by several other defendants. The motion to continue rests on several grounds: 1) the government's late production of defendant's statement referenced above in connection with his motion to permit a late filed motion to suppress, 2) the information referred to in defendant's motion to sever; and 3) the government production on December 31 of approximately 340 pages of *Jencks* material and notices filed by the government on the same date of its intent to introduce various records pursuant to Federal Rule of Evidence 803(6) and 902(11), [See Docs. 840, 841, 842, 843, 844]. Counsel asserts that he has not had sufficient time to review and analyze the *Jencks* material and discuss it with his client.

The indictment charging the defendant was filed in this case on November 13, 2008, Mr. Flores-Delacruz was arrested in February, 2009, and counsel was appointed on February 25, 2009. Mr. Flores-Delacruz has been detained since his arrest. Although the case is a serious one, involving more than 30 defendants originally, counsel has had more than ten months to prepare this case for trial. Good cause has not been shown for the requested continuance and the motion is DENIED.

IX. The United States has filed what it characterizes as an objection to a report and recommendation of the United States Magistrate Judge, [Doc. 742]. The document objected to, however, is an order filed by the United States Magistrate Judge on November 25, 2009, [Doc. 721], which disposed of a number of pending pretrial motions. Specifically, the government appeals the order of the Magistrate Judge to exclude evidence of certain material, images and symbols of "La Santa Muerta" and "Jesus Malverde". The government has, in addition, now filed a notice of its intent to offer expert testimony from witness Robert Almonte, Executive Director of the Texas Narcotics Officers Association and owner of Narcotics Training Specialists, on the significance of these images and symbols as tools of the drug trade.

The Magistrate Judge held that evidence of these images and symbols is inadmissible under Fed. R. Evid. 404(a) and also inadmissible under Fed. R. Evid. 403. The Magistrate Judge further held that evidence of these images and symbols, even if arguably relevant, had "incredibly slight probative value" which was far outweighed by the danger of unfair prejudice, noting that the "average East Tennessee juror likely would be highly offended by an individual who prayed to or relied upon some Goddess of Death or Jesus Malverde." *See* Doc. 721, pp. 9-10. At oral argument on the government's appeal of the Magistrate Judge's order, the government argued that it would establish, through the testimony of Mr. Almonte as well as the testimony of various co-defendants,

that Mexican drug traffickers use these icons to protect them from law enforcement in much the same way that drug traffickers use firearms, clearly acknowledged tools of their trade.

While this Court is quite skeptical about the admissibility of such testimony, the matter will be deferred pending a jury out hearing of the testimony of these co-defendants and Mr. Almonte. In the meantime, it is ORDERED that the government may not refer to the argued significance of these symbols, images and icons in front of the jury until the Court has had an opportunity to hear the proffered testimony and to rule definitively on the matter. Although some of the photographs of the religious icons appear to have an independent basis for admission at the trial of this case, testimony by any witness as to the significance of these icons, *i.e.* that they have special significance to Mexican drug traffickers and that the defendant or defendants who possessed these images and/or icons was a drug trafficker, may not be mentioned in front of the jury without the government first informing the Court of its intent to do so. The government's "Objection to Report and Recommendation," [Doc. 742], will be DEFERRED pending the above referenced evidentiary hearing.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE