UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08-CR-00102-JRG -1 |
| | ) | |
| JESUS HUERTA | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 1537] as supplemented by counsel [Doc. 1546][1]. The United States opposes Defendant's motion [Doc. 1548]. For the reasons that follow, Defendant's motion for compassionate release will be denied.

## I.    BACKGROUND

On November 1, 2010, Defendant was sentenced to 188 months of imprisonment based on his conviction for conspiracy to distribute and possession with the intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A) [Doc. 1282]. On July 3, 2017, the Court reduced Defendant's sentence to 192 months pursuant to a retroactive change in the guideline sentencing range [Docs. 1486, 1487]. The Defendant is presently housed at Gilmer Federal Correctional Institution, and according to the Bureau of Prisons ("BOP"), his projected release date is May 11, 2022. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (search by register number 20985-074) (last visited Feb. 25,

---

[1] In his pro se motion [Doc. 1537], Defendant requested appointment of counsel. Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent Defendant pursuant to the Court's Standing Order 21-09 and as noted above, FDSET has filed a supplement on his behalf [*See* Doc. 1546]. Therefore, the Court finds that Defendant's request for counsel is moot.

2022).  Defendant acknowledges that he is currently subject to a detainer from the Immigration and Customs Enforcement (ICE) and expects to be transferred to ICE custody upon his release from BOP [*see* Doc. 1546, at 2].  He moves for compassionate release based on his health conditions amid the COVID-19 pandemic, his desire to care for his family, and the legalization of marijuana in many states [Docs. 1537, 1546].

## II.     LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."  *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier."  *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).  Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government.  *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply."

§ 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III. ANALYSIS

### A. Exhaustion

Defendant requested compassionate release from the warden at his facility on June 28, 2021, and his request was denied on July 15, 2021 [Doc. 1548-1, at 5]. Defendant also requested compassionate release on August 10, 2021, and was again denied August 25, 2021 [Doc. 1548-1, at 6–7]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

### B. Merits

First, Defendant contends that his asthma and obesity place him at increased risk of serious complications should he contract COVID-19 [Doc. 1537, at 5; Doc. 1546]. The BOP reports that Defendant's prison currently has five confirmed cases of COVID-19 among the inmate population and three confirmed cases among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 25, 2022). These numbers are not insignificant. However, they are not extraordinary, especially in light of the prevalence of COVID-19 in the general population. Because COVID-19 poses a danger to people everywhere, the pandemic alone cannot justify compassionate release. *See, e.g.*, *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22,

2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility

. . . , whether Defendant will contract COVID-19, and whether he will develop serious

complications, does not justify the extreme remedy of compassionate release."); *see also United

States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society

and the possibility that it may spread to a particular prison alone cannot independently justify

compassionate release[.]").

Defendant is thirty-eight years old and suffers from asthma, as documented in his medical

records from BOP [Doc. 1549, at 2, 47]. Based on his height of 5'9'' and weight of 226 pounds

[*id.*, at 2], he has a body mass index of 33.4, which is within the obese range. *See* Adult BMI

Calculator, Centers for Disease Control, available at https://www.cdc.gov/healthyweight/

assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (accessed Feb. 28, 2022).

According to the Centers for Disease Control, obesity and moderate to severe asthma "can"

increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last visited Feb. 28, 2022).

Even assuming Defendant's asthma is moderate to severe, his health conditions are not

uncommon. Nor has Defendant alleged that his conditions are being inadequately treated. On the

contrary, the BOP categorizes him as Care Level 1[2], suggesting that his medical conditions are

limited and easily controlled [Doc. 1548-2]. Moreover, Defendant is fully vaccinated [Doc. 1549,

at 51, 59–62]. A defendant's "access to the COVID-19 vaccine substantially undermines his

request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the

---

[2] "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Feb. 28, 2022).

same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). "[T]o the extent prisons do offer some unique challenges" such as social distancing, "the vaccine now significantly reduces the risks associated with COVID-19." *Id.* In light of the facts discussed above, the Court finds that Defendant's health conditions are not extraordinary and compelling reasons for his release.

Defendant also cites family concerns as a basis for a sentence reduction [*see* Doc. 1537, at 5]. He says that his mother "has gotten old and is currently very ill" [*Id.*]. However, he does not allege that his mother is incapacitated, provide any medical records documenting her illnesses, or specify what her illnesses are. Nor does Defendant assert that he is the only available caregiver [*Id.*]. Defendant also claims that his children "are going thru hard times right now so they also need my personal and financial support . . . " [*Id.*]. The Court acknowledges Defendant's concern for his children and appreciates the letters written by his nieces on his behalf [Docs. 1539, 1540]. However, unfortunately, separation from his family is a consequence of his offense, not an extraordinary and compelling reason for release.

Last, Defendant asks the Court to consider the relaxation in criminal laws concerning marijuana, which he notes is "not a harsh substance like crack or cocaine" [Doc. 1541, at 1]. The nature of Defendant's offense is something that the Court could consider in its analysis of 18 U.S.C. § 3553(a) factors, but it is not an extraordinary and compelling reason for compassionate release. Moreover, as noted above, the Court revisited Defendant's sentence in 2017 and found that the appropriate term of incarceration was 188 months.

The Court finds that Defendant has not shown extraordinary and compelling reasons for a sentence reduction. Because the requirement of extraordinary and compelling reasons has not

been met, the Court need not consider the factors under 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at

519.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release [Docs. 1537,

1546] is **DENIED**.


So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

Case 2:08-cr-00102-JRG-MCLC   Document 1552   Filed 03/07/22   Page 6 of 6   PageID #: 11126